## Commonwealth v. Beam

*Merrill Verlin,* for Commonwealth.

*Charles T. Beam, p. p.,* for defendant.

MacPHAIL, P. J., February 11, 1970.—This defendant was arrested for operating a motor vehicle in Pennsylvania which did not bear a proper registration plate. From the testimony presented at a hearing before this court, we find the following facts:

1. At all material times, defendant and his wife were residents of R. D. No. 1, Needmore, Fulton County, Pa.

2. On or about August 15, 1969, defendant's wife purchased a motor vehicle in the State of Maryland.

3. The Maryland dealer issued a Maryland "temporary" tag to defendant's wife for the vehicle purchased by her.

4. On August 21, 1969, defendant was observed operating the vehicle in question bearing the Maryland temporary tag with no Pennsylvania registration plate thereon.

5. Defendant was arrested for violation of section 401 of The Vehicle Code of April 29, 1959, P. L. 58, as a result of a traffic check in Fulton County, Pa., which revealed the facts set forth in no. 4 above.

6. Prior to the arrest, the owner of the vehicle had sent to the Department of Revenue in Harrisburg, Pa., an application for an annual registration plate which plate arrived two days after defendant's arrest.

It has been established that where a motor vehicle is owned by a Pennsylvania resident, as that term is defined in section 102 of The Vehicle Code, that vehicle must have a Pennsylvania registration plate before it can be operated on a Pennsylvania highway: Commonwealth v. Stotler, 25 D. & C. 2d 434, 2 Adams

207 (1961). While The Vehicle Code authorizes Pennsylvania dealers to issue temporary registration plates under certain limited circumstances (section 512), there is no provision in the code for the use of temporary registration plates of foreign states by Pennsylvania residents. No reciprocity agreement between Pennsylvania and Maryland on this subject has been called to our attention and we have found none. Since defendant does not qualify under any of the exceptions to the mandatory language of section 401 requiring that vehicles owned by Pennsylvania residents have Pennsylvania registration plates, he was clearly in violation of the law at the time of his arrest.

It is possible that the arresting officer could have taken a more charitable attitude towards defendant because an application had been made for a Pennsylvania plate and defendant apparently thought that the Maryland temporary plates were valid for 30 days just as temporary plates issued in Pennsylvania would have been valid for that period of time. However, the testimony before us shows that defendant immediately adopted a belligerent attitude towards the officer at the time he was interrogated and defied the officer to bring a charge. In view of his own actions, defendant cannot now complain of a technical violation. Compare *Commonwealth v. Fryling*, 21 D. & C. 2d 157 (1960).

## ORDER OF COURT

And now, February 11, 1970, we find defendant guilty as charged. Unless he remits the statutory fine of $10 and the costs of prosecution to the clerk of courts beforehand, defendant shall appear in open court for sentence on Friday, February 20, 1970, at 10 a.m.